IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WANDA G. PILLEY,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 2:13cv193

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation. Having reviewed the relevant pleadings, this matter is now ripe for decision. For the reasons set forth below, the Magistrate Judge's Report and Recommendation (ECF No. 13) is **ADOPTED**, Defendant's Motion for Summary Judgment (ECF No. 10) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 7) is **DENIED**, Plaintiff's Motion for Remand (ECF No. 8) is **DENIED**, and the decision of Defendant, the Acting Commissioner of the Social Security Administration, to deny Social Security supplemental security income ("SSI") is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 30, 2009, Wanda G. Pilley ("Plaintiff") filed an application for disability benefits with the Social Security Administration ("SSA"). In her application, Plaintiff alleged that she has been disabled since October 1, 2003. Plaintiff alleges that her disability is a result of a variety of orthopedic conditions and mental impairments. The Commissioner of Social

Security denied Plaintiff's application for benefits initially, and reaffirmed the denial upon reconsideration. Consequently, Plaintiff sought and received a hearing before a Social Security Administrative Law Judge ("ALJ") on April 1, 2011. On February 13, 2012, the ALJ issued a decision denying Plaintiff's SSI claims. On February 13, 2013, the SSA's Appeals Council, the final review within the agency on Plaintiff's claims, rejected her appeal.

Having exhausted all administrative remedies within the SSA, Plaintiff filed a complaint with the Court seeking review of the ALJ's opinion. On June 18, 2013, the Court entered an order pursuant to 28 U.S.C. § 636(b)(1)(B) directing United States Magistrate Judge Douglas E. Miller to conduct hearings and to submit a report containing proposed findings of facts and recommendations. On July 1, 2013, Judge Miller ordered the parties to file motions for summary judgment and engage in required briefing. On March 4, 2014, Judge Miller filed his Report and Recommendation ("R&R") with the Court. In accordance with 28 U.S.C. § 636(b)(1), the parties were given fourteen (14) days from the mailing date of the R&R to object to its contents. On March 12, 2014, Plaintiff filed objections to the R&R, to which Defendant replied.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination...by a district judge...."). Under *de novo* review, the Magistrate Judge's R&R carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the Magistrate Judge with instructions.

2

*Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."). When conducting this *de novo* determination, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

In seeking review of the ALJ's decision, Plaintiff argues that the ALJ made two errors: (1) that the ALJ erred by failing to follow the treating physician rule, and (2) that the ALJ failed to properly evaluate her credibility. First, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ appropriately weighed the medical opinions in the record. In particular, Plaintiff believes that the ALJ failed to provide a sufficient explanation for refusing to adopt the more restrictive functional limitations ascertained by Dr. Rosemary Balderston, Plaintiff's primary care provider. Instead, Plaintiff contends that the ALJ gave significant weight to the opinions of

non-examining state agency reviewers.

Under the Commissioner's Regulations, 20 C.F.R § 416.927(c)(2), opinions from treating physicians will be given controlling weight if two conditions are met: 1) the opinions are supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) the opinions are not inconsistent with other substantial evidence in the record. *See Chater*, 76 F.3d at 590 (quoting 20 C.F.R. § 404.1527(d)(2)). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* If the ALJ determines the treating physician's opinion is not entitled to controlling weight, he or she still must decide how much weight to give the opinion and must provide "specific reasons" for the weight given to the treating source. *See* Social Security Ruling ("SSR") 96-2p (1996 WL 374188). Also, where a treating physician's opinion is not given controlling weight, the opinion of a non-examining source must be assessed by reference to the following factors: examining relationship, treatment relationship, supportability, consistency, specialization, and other factors of which the ALJ is aware. 20 C.F.R. §§ 404.1527(c)(1)-(6).

The R&R recommends that the Court accept the ALJ's rejection of certain restrictive limitations proposed by Dr. Balderston because the ALJ offered detailed reasons for giving her opinions significant as opposed to controlling weight. The ALJ explained his reasoning for rejecting Dr. Balderston's conclusion that Plaintiff would be unable to work at a computer, including a lack of evidence of muscle atrophy and a failure to seek specialized care. Even though the ALJ considered conflicting evidence from non-examining state agency reviewers, he nonetheless accepted Dr. Balderston's opinion of Plaintiff's limited ability to sit, stand, walk and lift. This acceptance resulted in a finding of additional limitations beyond those which were

ascertained by the non-examining state agency reviewers. The Court agrees with the R&R and concludes that the ALJ sufficiently explained the weight he assigned to various medical source statements on the record.

Second, Plaintiff objects to the Magistrate Judge's determination that the ALJ properly evaluated her credibility in her testimony during the hearing. More specifically, Plaintiff alleges that the ALJ improperly evaluated the factors and evidence required in assessing her credibility. "Once an underlying physical or [m]ental impairment that could reasonably be expected to cause [a symptom] is shown by medically acceptable objective evidence . . . the adjudicator must evaluate the disabling effects of a disability claimant's [symptom], even though its intensity or severity is shown only by subjective evidence." *Hines v. Barnhart*, 453 F. 3d 559, 564 (4th Cir. 2006). To fulfill this standard, adjudicators often rely on the testimony and statements of the claimants as evidence of the severity and intensity of their symptoms. In doing so, adjudicators often assess the credibility of the individual's statements. This Court must show deference to the ALJ's credibility determinations unless they are "unreasonable, contradict[] other findings of fact, or [are] based on inadequate reason or no reason at all." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)).

Here, the ALJ outlined all of the evidence he considered in assessing the credibility of Plaintiff's statements. The ALJ recognized that Plaintiff's subjective judgment of her symptoms was not credible to the extent her testimony conflicted with the residual functional capacity assessment, especially given that Plaintiff testified about certain orthopedic, cardiovascular and neurological symptoms she previously denied experiencing in 2011. The ALJ cited Plaintiff's vague testimony about generalized pain impacting her ability to work as well as her ability to perform daily tasks. The ALJ balanced this information against evidence in the record indicating

5

that Plaintiff suffered from various conditions but could engage in light work involving simple tasks, no repetitive overhead work and a sit/stand option. In light of these facts, the Court finds that substantial evidence supports the ALJ's credibility determination, and thus, Plaintiff's objection fails on this ground.

## IV. CONCLUSION

For the reasons above, the Magistrate Judge's Report and Recommendation is **ADOPTED**. Therefore, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion for Remand is **DENIED**. Accordingly, Defendant's decision to deny supplemental security income is **AFFIRMED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April //, 2014

/s/
Raymond A. Jackson
United States District Judge